{¶ 46} I respectfully dissent from the majority opinion. I would sustain appellant's first assignment of error.
 {¶ 47} The Complaint for Divorce filed by appellee included the following
 "NOTICE OF HEARING" {¶ 48} If no answer is filed to this Complaint or if the parties have entered into a written separation agreement, this matter will be heard as an uncontested trial on the 7th day of December, 2004, at 1:00 o'clock, p.m. in the Stark County Family Court, Sixth Floor, Citizens Building, 110 Central Plaza South, Canton, Ohio.
 {¶ 49} All other matters will be heard on the 3rd day of February, 2005, at 1:00 o'clock p.m. (This hearing will be a PRETRIAL if an answer has been filed by the Defendant and the parties have NOT reached an agreement. Otherwise, this matter will be the final hearing. Both parties are to be present at the pretrial).
 {¶ 50} Thereafter, the trial court issued its November 8, 2004 Judgment Entry which provides: Order: The parties shall appear at the COD on 12-7-4 @ 1pm to finalize a settlement, if possible.
 {¶ 51} Appellant argues, "The trial court failed to indicate [in its November 8, 2004 Judgment Entry] to appellant that if a settlement could not be reached that day, appellant would be required to proceed with a trial on the merits of the divorce action"; therefore, because he was appearing pro se at that time, he was not provided adequate notice and a meaningful opportunity to be heard. I agree. (Appellant's brief at p. 5)
 {¶ 52} I recognize and concede the "Notice of Hearing" contained in the complaint set forth, supra, provides adequate notice of the final trial date of December 7, 2004, as required by Civ.R.75(L). Even so, I suggest the inclusion in the notice of two separate dates, each dependant upon a combination of various contingencies, and reference to an "uncontested trial", "PRETRIAL", and "final hearing" poses a "notice" landmine to an attorney inexperienced with practice in this particular trial court, let alone an unrepresented litigant unfamiliar with that practice. Break down of the Notice of Hearing may serve to illustrate the possible confusion it generates: If A (no answer)or if B (written agreement) then uncontested trial on December 7, 2004. All other matters heard February 3, 2005. This hearing [February 3, 2005] is a PRETRIAL if C (an answer filed) and D (no agreement). Otherwise [C and D not applicable] this hearing [February 3, 2005] is a final hearing.
 {¶ 53} I further concede I find no conflict between the trial court's local rules and Civ.R.75. Although likely unfamiliar with the Civil Rules, let alone any local rules of court, appellant is still chargeable with knowledge of those rules.
 {¶ 54} Despite these concessions, I believe the notice given was inadequate because of the confusion caused by the intervening November 8, 2004 Judgment Entry. I find it reasonable, indeed likely, appellant construed that entry as superseding any previous notice of hearing as it was issued after the complaint containing the first "Notice of Hearing". Although I would expect most attorneys to know what "COD"[1] means, I doubt pro se litigants are familiar with what those initials connote. More importantly, the November 8 entry states the purpose for the 12-7-04 appearance is "to finalize a settlement, if possible." The order fails to specify any other purpose for the appearance. It does not separately advise an uncontested trial on the merits of the divorce will proceed if settlement is or is not reached.
 {¶ 55} Although appellant had been advised to seek counsel prior to the December 7, 2004 hearing date, his appearance without one at the December 7, 2004 hearing is understandable given his justifiable belief the December 7, 2004 "COD" appearance was only to explore possible settlement. I agree with appellant the effect of the trial court's November 8, 2004 Judgment Entry essentially nullified the notice contained within the complaint and, as a result, appellant was not given a meaningful opportunity to be heard when required to proceed pro se on the merits of the uncontested divorce trial on December 7, 2004.
[1] Call of Docket.